United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cassandra Gautier, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-23296-Civ-Scola |
| | ) |
| Martin Monta, and others, | ) |
| Defendants. | ) |

## Order Denying Motion to Remand

This matter is before the Court on the Plaintiff's second motion to remand. (ECF No. 12.) The Defendants have responded (ECF No. 7), and the Plaintiff has timely replied (ECF No. 17). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the motion. (**ECF No. 7**.)

To support removal of a case from state court based on diversity jurisdiction, a defendant must prove the existence of diversity of citizenship and the amount in controversy by a preponderance of the evidence. 28 U.S.C. § 1332; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Crucially, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.

Here, the Plaintiff challenges only whether the Defendants have adequately proven the amounts in controversy. (Mot. ¶ 7.) The Court is satisfied from its own review of the removal notice and its exhibits that the parties are completely diverse. (Not. of Removal, ¶¶ 3-5, ECF No. 1.) The Plaintiff argues that its pre-suit "demand letter asking for $400,000 and medical bills at $335,167.15" is insufficient to clear the jurisdictional threshold of $75,000 for the amount in controversy. (Mot. at 3.) The Defendants respond that, even if the demand letter itself can be ignored as too vague to support jurisdiction, the specificity of the $335,167.15 in medical bills attached to the demand letter adequately support diversity jurisdiction. (Resp. at 4-5, ECF No. 12.)

The Defendants have provided the Court with sufficient evidence to demonstrate, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. The demand letter itself is likely sufficient on its own because, as the Defendants point out, it delineates damages into particular categories, each making up a specified part of the $400,000 demand. (*Id.* at 4.) But the key here is the $335,167.15 in medical bills, which the Plaintiff attached to the demand letter and the Defendants included as an exhibit in the removal notice. (ECF No. 1-6); *Collazo v. Progressive Ins. Co.,* No. 20-25032-CIV, 2021 WL 81666, at *3 (S.D. Fla. Jan. 11, 2021) (finding that the defendant established the amount in controversy cleared the jurisdictional threshold where the defendant

had provided as support a pre-suit demand letter that "was supported by medical bills totaling $116,593.40, at least $87,878.67 of which remains outstanding.").

For the reasons stated above, the Court **denies** the motion to remand. (**ECF No. 7**.)

**Done and Ordered** in Miami, Florida, on December 6, 2022.

_____
Robert N. Scola, Jr.
United States District Judge