United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cassandra Gautier, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-23296-Civ-Scola |
| | ) |
| Martin Monta, and others, | ) |
| Defendants. | ) |

**Order on Defendants' Motion for Summary Judgment**

This matter is before the Court on the Defendants' motion for summary judgment on claims 1, 2, and 3 of the complaint. (Mot., ECF No. 47.) The Plaintiff filed a response (ECF No. 49), and the Defendants replied. (ECF No. 52.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants in part** and **denies in part** the Defendants' motion. (**ECF No. 47**.)

1. **Background**

On May 29, 2021, Defendant Martin[1] was driving an auto transport truck in a center lane of a Florida highway when the Plaintiff, whose vehicle was ahead of the Defendant's, slowed down significantly in order to change lanes to the right. (Defs.' Stmt. of Mat. Facts ("SMF"), ECF No. 46 ¶¶ 5-9; Pl.'s SMF, ECF No. 48 ¶¶ 5-9.) Defendant Martin slowed down as well and moved to the left, apparently to avoid impact, but collided with the Plaintiff's vehicle nonetheless. (Defs.' SMF, ECF No. 46 ¶¶ 10, 12; Pl.'s SMF, ECF No. 48 ¶¶ 10, 12.) These events were caught on the dash cam in Defendant Martin's vehicle. (*See* Defs.' SMF, Ex. 2, ECF No. 46-2; Pl.'s SMF, Ex. 1, ECF No. 48-1.)

The Plaintiff filed this action, alleging negligence against Martin (count 1), vicarious liability and respondeat superior against the truck's owner, Royal Truck Leasing, LLC (counts 2 and 3), and negligence against Martin's employer, Hansen & Adkins Auto Transport, Inc. (count 4). (Compl., ECF No. 1-2.)

2. **Legal Standard**

Summary judgment is proper if, following discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[1] The Defendants note that although the Plaintiff named "Martin D. Monta" in the complaint, the Defendant's correct name is "Darrin Monta Martin." The Court encourages the parties to move to amend the case caption to make this correction and avoid any future confusion.

322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 323-24. The nonmovant's evidence must be significantly probative to support the claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *See Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Id.* "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

### 3. Analysis

The Defendants have moved for summary judgment on the negligence claim against Defendant Martin (count 1) and the claims against Defendant Royal Truck Leasing, LLC (counts 2 and 3). (Mot., ECF No. 47.) The Defendants do not make submissions regarding summary judgment with respect to count 4, but their motion implies that count 4 should be dismissed for the same reasons as count 1. (*See generally id.*) With respect to counts 2 and 3, the Defendants assert that the Graves Amendment (49 U.S.C. § 30106) precludes vicarious liability for certain vehicle owner/lessors, including Royal Truck Leasing, LLC. (Mot., ECF No. 47 at 6-7.) The Plaintiff agrees. (Pl.'s Resp., ECF No. 49 at 1.) The Court therefore grants summary judgment with respect to the claims against Defendant Royal Truck Leasing, LLC (counts 2 and 3).

The parties' disagreements regarding Defendant Martin's liability for negligence are more contentious. The Defendants argue in the summary judgment motion that Defendant Martin cannot be liable because the Plaintiff's injuries "are wholly the fault and result of Plaintiff's own actions in unsafely slowing down in the middle of a busy highway[,] making a collision inevitable

. . . ." (Mot., ECF No. 47 at 2.) The Defendants cite to the dash cam footage, Defendant Martin's testimony, an expert report, and the traffic citation that the Plaintiff received following the accident in arguing that summary judgment is appropriate. (*Id.* at 3.) The Plaintiff responds that genuine disputes as to material facts remain, including Defendant Martin's "speed, timing, maneuvers, [] ability to avoid the collision, and ultimately the act of rearending the Plaintiff's vehicle." (Pl.'s Resp., ECF No. 49 at 4.) The Court agrees with the Plaintiff that the record fails to establish that every reasonable juror would absolve Defendant Martin of fault for the accident.

Negligence claims are highly fact-specific, which makes them poor candidates for summary judgment. *See Suarez v. Panera, LLC*, No. 10-20854-CIV, 2011 WL 13220164 *2 (S.D. Fla. Mar. 3, 2011) (Jordan, J.) (citing *Petruska v. Smartparks-Silver Springs, Inc.*, 914 So. 2d 502, 505 (Fla. Dist. Ct. App. 2005). Questions about the cause of an accident "generally must be resolved by the trier of fact based on all the facts and circumstances." *See Sawyer v. Allied Int'l Holdings, Inc.*, 707 So. 2d 761, 763 (Fla. 2d Dist. Ct. App. 1998) (collecting cases). Further, the Defendants do not dispute that comparative negligence governs in this case. "Because the inquiry under comparative negligence concerns the respective liability of the parties, unresolved facts as to the negligence of one party preclude entry of judgment as a matter of law." *Narvaez v. Circle K Stores, Inc.*, No. 8:14-CV-1549-T-TBM, 2015 WL 12762061, at *3 (M.D. Fla. May 14, 2015) (citing *Holderbaum v. Carnival Corp.*, No. 13–24216–CIV, 2015 WL 728362, at *12 (S.D. Fla. Feb. 19, 2015) (Lenard, J.)). In the present context, this means that the undisputed evidence would need to show that the Defendant could not have prevented the accident by the exercise of due care in order to prevail at summary judgment. *See Hoffman v. Jones*, 280 So. 2d 431, 438 (Fla. 1973).

The Defendants cannot meet this high bar. When viewing the record in the light most favorable to the Plaintiff, a reasonable juror could easily agree with the Plaintiff that she was not 100% at fault based on her version of the facts, including based on Defendant Martin's actions in the moments leading up to the accident. According to the Plaintiff, Defendant Martin was driving above the speed limit and unreasonably fast for operating a truck carrying 30,000-32,000 pounds, failed to slow down despite seeing that the Plaintiff's vehicle had slowed, and could have switched lanes in order to prevent the collision. (*See* Resp., ECF No. 49 at 5; Pl.'s SMF ¶¶ 22, 24, 25.) The facts in the record would permit a reasonable juror to make these conclusions.

In addition to the dash cam footage and witness testimony, the Defendants raise their expert's report and the Plaintiff's traffic citation as proof that no reasonable juror could find Defendant Martin even partially negligent. (Mot., ECF No. 47 at 3, 5, 6.) However, the Court need not accept the expert's opinion that "the collision was inevitable due to the constraints placed on Mr. Martin by

Plaintiffs [sic] actions." (Mot., ECF No. 47 at 5.) That opinion, as the Plaintiff notes, can be credited or rejected by the jury, but it is not for the Court to weigh at this stage. (Pl.'s Resp., ECF No. 49 at 6.) Similarly, even if the citation the Plaintiff received after the incident is admissible at trial, it is merely evidence that the jury can weigh rather than conclusive proof of the Plaintiff's fault. *See Del Campo-Aguila v. Martins*, No. 22-21146-CIV, 2023 WL 5015396, at *3 (S.D. Fla. Aug. 7, 2023) (Williams, J.) (citing *Ridley v. Safety Kleen Corp.*, 693 So. 2d 934, 937 (Fla. 1996)). Thus, disputes over material facts remain that are best resolved by a jury.

The above analysis also determines whether summary judgment is appropriate with respect to count 4, negligence against Defendant Martin's employer, Hansen & Adkins Auto Transport, Inc. An employer can be vicariously liable for the acts of its employee performed within the course of their employment. *Dieas v. Assoc. Loan Co.*, 99 So. 2d 279, 281 (Fla. 1957). Because there is a genuine dispute as to material facts with respect to Defendant Martin's negligence, there is equally a dispute regarding the vicarious liability of Hansen & Adkins Auto Transport, Inc. Summary judgment is therefore inappropriate.

The Defendants' motion for summary judgment with respect to negligence, counts 1 and 4 against Defendants Martin and Hansen & Adkins Auto Transport, Inc., is therefore denied.

### 4. Conclusion

For the reasons stated above, the Court **grants** the motion for summary judgment with respect to claims 2 and 3 and **denies** the motion with respect to counts 1 and 4. (**ECF No. 47**.)

**Done and ordered** in Miami, Florida, on September 22, 2023.

_____
Robert N. Scola, Jr.
United States District Judge