United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Cassandra Gautier, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-23296-Civ-Scola |
| | ) | |
| Martin Monta, and others, | ) | |
| Defendants. | ) | |

**Order on Motions in Limine**

This matter is before the Court on the Defendants' motion in limine (ECF No. 64), to which the Plaintiff responded (ECF No. 66) and the Defendants replied (ECF No. 70). After review of the briefing, the record, and the relevant legal authorities, the Court **grants in part** and **denies in part** the Defendants' motion. (**ECF No. 64**.) The Plaintiff also moved to exclude the Defendants' billing/coding expert, L. Neal Freedman, M.D. (ECF No. 63.) The Defendants did not respond, and the motion is therefore **granted** by default. (**ECF No. 63**.)

## 1. Background

The facts of this case are relatively simple. According to the complaint, on May 29, 2021, Defendant Martin[1] was driving an auto transport truck in a center lane of a Florida highway. The Plaintiff, whose vehicle was ahead of the Defendant's, slowed down significantly in an attempt to change lanes before colliding with the Defendant's vehicle. These events were caught on the dashboard camera in Defendant Martin's vehicle. The Plaintiff alleges negligence against Defendant Martin and his employer. (Compl., ECF No. 1-2.)

## 2. Analysis

### A. The Defendants' motion in limine

The Defendants have moved to exclude 1) "Golden Rule" and "Reptile Strategy" arguments, 2) the speed indicator captured by the dashboard camera located in Defendant Martin's truck at the time of the accident, and 3) argumentation from the Plaintiff's counsel "commenting on or suggesting a lump sum figure" or "per diem amount" with respect to the Plaintiff's non-economic damages. (Defs.' Mot., ECF No. 64.)

---

[1] The Defendants note that although the Plaintiff named "Martin D. Monta" in the complaint, the Defendant's correct name is "Darrin Monta Martin." The Court encourages the parties to move to amend the case caption to make this correction and avoid any future confusion.

A motion in limine is made before a trial has begun for the purpose of excluding or including certain evidence. *See* 20 Am. Jur. Trials 441 § 2 (1973). In limine rulings are not binding on a trial court and remain subject to reconsideration during trial. *Stewart v. Hooters of Am., Inc.*, 04-cv-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). The purpose of a motion in limine is to give the trial judge notice of the movant's position in order to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Id.* Courts only have the power to exclude evidence in limine if that evidence is "clearly inadmissible on all potential grounds." *Id.*

The Plaintiff agrees to the exclusion of the "Golden Rule" and "Reptile Strategy" arguments as well as the exclusion of any argumentation regarding lump sum or per diem amounts of non-economic damages. (*See* Pl.'s Resp., ECF No. 64.) Therefore, the Court grants the Defendants' motion with respect to those requests.

However, the Court denies the Defendants' third request and declines to exclude the speed indicator captured by the dashboard camera. The Defendants argue that "the speed indicator included in the top right frame of the dash camera footage" should be excluded because "no evidence has been brought forward establishing [its] re[]liability . . . or how it calculates a vehicle's speed." (Defs.' Mot., ECF No. 64 at 9.) They further claim that the indicator is unreliable because it appears to display the speed of the vehicle on a delay and would "mislead the jury and be unduly prejudicial to Defendants" under Federal Rule of Evidence 403. (*Id.*) The Plaintiff responds that the Defendants (who have been in possession of the dashboard camera since the accident took place) have not offered any reason that the speed indicator may be unreliable and that the delay in the indicator's reading is insufficient to exclude the evidence. (Pl.'s Resp., ECF No. 66 at 3.)

The Court agrees with the Plaintiff. Rule 403 is an "extraordinary remedy whose major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect" and carries a strong presumption in favor of admissibility. *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quoting *United States v. Utter*, 97 F.3d 509, 514-15 (11th Cir.1996), *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir.1991), and *United States v. Church*, 955 F.2d 688, 703 (11th Cir.1992)) (cleaned up). The Defendants concede that the speed indicator is relevant to the Plaintiff's negligence claims. (*See* Defs.' Mot., ECF No. 64 at 9.) And the Defendants offer little reason to believe that the indicator will prejudice the jury at all, let alone to such an extent that the evidence should be excluded completely. *United States v. Saintil*, 753 F.2d 984, 989 n.7 (11th Cir. 1985) (under Rule 403, prejudice "relates to the likelihood of inciting the jury to an

irrational decision based on an improper basis.") As the Plaintiff points out, the jury can weigh the utility of the indicator based upon the obvious few-second delay between the movement of the vehicle and the corresponding speed reading, and may choose to give it little or no weight on that basis. (Pl.'s Resp., ECF No. 66 at 3-4.) However, the evidence need not be excluded at this time.

### B. The Plaintiff's motion to exclude the Defendants' expert, L. Neal Freeman, M.D.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

The threshold question in determining the admissibility of an expert's testimony is whether the testimony helps the fact finder resolve an ultimate issue in the case. *See* Fed. R. Evid. 702 Advisory Committee's Note; *accord* Fed. R. Evid. 704 Advisory Committee's Note. While an opinion is not objectionable just because it embraces an ultimate issue, testimony that offers nothing more than what lawyers for the parties can argue in closing arguments is not helpful. Fed. R. Evid. 704(a); *United States v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004). "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 Advisory Committee's Note.

Even if proposed expert testimony is admissible under Rule 702, the evidence may nonetheless still be excluded if it is irrelevant or if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403; *accord Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1309-10 (11th Cir. 1999). Because "expert testimony may be assigned talismanic significance in the eyes of lay jurors, . . . courts must take care to weigh the value of such evidence against its potential to mislead or confuse." *Frazier*, 387 F.3d at 1263.

The Plaintiff argues that L. Neal Freeman, M.D., the Defendants' "medical billing expert," should be excluded under Federal Rule of 702 and *Daubert v. Merrell Dow Pharmaceuticals*' progeny because "he is not qualified to testify as

to the reasonableness of Plaintiff's medical bills, he failed to rely on sufficient facts or data, and his methodology was not reliably applied." 509 U.S. 579 (1993). (Pl.'s Mot., ECF No. 63 at 2.) According to the Plaintiff, Dr. Freeman is an ophthalmologist who is unqualified to opine on cervical spine treatment, improperly relies on averages of reimbursable costs used by private insurers and Medicare, and relies on flawed data in reaching his conclusions on the unreasonableness of the Plaintiff's medical bills. (*See* Pl.'s Mot., ECF No. 63 at 4-9.) The Defendants have not filed a response to the Plaintiff's motion.

Under Local Rule of the United States District Court for the Southern District of Florida 7.1(c), the failure to timely "serve an opposing memorandum of law no later than fourteen . . . days after service of the motion[,] may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c).

The Defendants have failed to respond to the Plaintiff's motion to exclude the expert. This failure presents a sufficient basis for the Court to strike the expert by default under the Local Rule. The Court notes the motion also appears due to be granted on the merits. The Court thus precludes Dr. Freeman from testifying as a witness in this matter.

### 3. Conclusion

For the foregoing reasons, the Defendants' motion in limine is **granted in part** and **denied in part** (**ECF No. 64**) and the Plaintiff's motion to exclude the expert is **granted** (**ECF No. 63**).

**Done and Ordered** in Miami, Florida, on November 2, 2023.

Robert N. Scola, Jr.
United States District Judge